# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **ASHLEY CAMPBELL**, | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| v. | )   Civil Action No.: _____ |
| | ) |
| **FAURECIA INTERIOR SYSTEMS, INC.,** | ) |
| | ) |
| **Defendant**. | ) |

## COMPLAINT

## NATURE OF CLAIMS

1. This is an action under the Family and Medical Leave Act of 1993 ("FMLA"), to correct and remedy unlawful employment practices in violation of the FMLA and to make whole and compensate the plaintiff. The defendants wrongfully discharged the plaintiff, a qualified individual, from her position with the defendants, in violation of the FMLA, as more particularly set forth in this complaint.

## JURISDICTION AND VENUE

2. This court has jurisdiction of the federal claims asserted here pursuant to §§ 1331 and 1343 of Title 28 (28 U.S.C.A. §§ 1331, 1343).

3. The unlawful employment practices complained of in this complaint

1

occurred, and the employment records relevant to this matter are maintained and administered, within the Northern District of Alabama, and venue is proper within this District and Division.

## PARTIES

4. The plaintiff is a female citizen and resident of Tuscaloosa County, Alabama. At the time of her request for leave, the plaintiff had been employed by the defendant for over twelve months and had worked at least 1,250 hours during the twelve months prior to the request. At all relevant times, the plaintiff was an eligible employee under the FMLA.

5. Defendant Faurecia Interior Systems, Inc. ("Faurecia") is a Michigan corporation doing business in Tuscaloosa, Alabama.

6. At all relevant times, Faurecia has been a covered entity under the FMLA, and Faurecia was the "employer" of the plaintiff within the meaning of the FMLA.

## FACTUAL ALLEGATIONS

7. On or about October 24 2011, the plaintiff commenced her employment with Faurecia as an operator. She switched positions to scheduler in July 2012.

8. On or about April 2015, the plaintiff was an employee of the defendant Faurecia, at their plant in Tuscaloosa, Alabama.

9. On or about April 20, 2015, the plaintiff discovered that she was pregnant.

10. The plaintiff opened a claim for leave under the FMLA and informed her supervisor that she would need to take intermittent medical leave beginning in May 2015 to go to doctor's appointments for her high-risk pregnancy and necessary prenatal care. The plaintiff also advised her supervisor that she intended to retain her position with Faurecia.

11. On or about May 2015, plaintiff verbally informed defendant's Human Resources department about the nature of her high-risk pregnancy.

12. On or about May 19, 2015, plaintiff called in to work because she needed to go to the doctor due to an issue with her pregnancy. She informed Unum and her supervisor that she was using a day from her FMLA leave. Upon returning to work, plaintiff provided her supervisor with a doctor's note verifying plaintiff's visit. The defendant failed to designate this as FMLA leave in writing, as required by 29 C.F.R. §825.208.

13. On or about June 15, 2015, plaintiff again called in to work because she needed to go to the doctor due to an issue with her pregnancy. She informed Unum and her supervisor that she was using a day from her FMLA leave. Upon returning to work, plaintiff provided her supervisor with a doctor's note verifying plaintiff's visit. The defendant failed to designate this as FMLA leave in writing,

as required by 29 C.F.R. §825.208.

14. On or about June 23, 2015, plaintiff called in to work because she needed to go to the dentist and have a tooth removed. She informed Unum and her supervisor that she was using a day from her FMLA leave. Upon returning to work, plaintiff provided her supervisor with a doctor's note verifying plaintiff's oral surgery and return-to-work date of June 25, 2015. The defendant failed to designate this as FMLA leave in writing, as required by 29 C.F.R. §825.208.

15. Each time the plaintiff had to take leave, she gave advance notice by calling in to the office, in accordance with policy. The defendant failed to designate any of plaintiff's missed days as FMLA leave in writing, as required by 29 C.F.R. §825.208.

16. On or about July 1, 2015 plaintiff was informed by her doctor that she would need to have surgery on her cervix. The surgery was scheduled for July 8, 2015. Plaintiff was to return to work on July 13, 2015, per her doctor's orders.

17. When plaintiff informed her supervisor about the surgery, he assured her that she did not need to come in to work because it was "summer shut down." Therefore, she would not need to use any FMLA days for her surgery.

18. On or about July 7, 2015 plaintiff's supervisor asked her to come in to work, contrary to his previous assertion that plaintiff would not need to be at work that week. Plaintiff reminded her supervisor that she had surgery scheduled July 8,

4

2015 and he asked her to come in on July 10, 2015 instead.  This was contrary to plaintiff's doctor's orders stating when she should return to work.

19. On or about July 13, 2015 plaintiff returned to work following her surgery, per her doctor's orders.

20. On or about July 21, 2015 Faurecia terminated plaintiff's employment on the pretext that she violated the defendant's attendance policy when she received six points.  Each point corresponded to an unexcused absence.  Three of those points were absences associated with plaintiff's high-risk pregnancy.

21. After she was terminated, the defendant's agents and employees approved the plaintiff's medical leave request.  Plaintiff received notification in the mail that her FLMA leave request was approved and she would have intermittent leave from July 14, 2015 until January 12, 2016.  That letter was subsequently amended, only allowing plaintiff leave from July 14, 2015 to July 23, 2015, because plaintiff was no longer employed by defendant.

22. During the term of her employment with the defendant, the plaintiff's job performance met or exceeded the defendant's expectations of plaintiff.

## CLAIM FOR RELIEF

23. The plaintiff incorporates paragraphs 1 through 22 of this complaint as if fully set forth here.

24. On or about July 21, 2015, the defendant Faurecia terminated

plaintiff's employment. The termination constituted the defendant's refusal to acknowledge plaintiff's intermittent leave request, in violation of the FMLA.

25. The plaintiff objected to and opposed the defendant's conduct, which violated and is made unlawful by the FMLA. The defendant refused to give plaintiff a peer review or restore the plaintiff to her position in violation of the FMLA.

26. As a direct and proximate result of the acts and practices of the defendant Faurecia, its agents and employees, in the discriminatory treatment and in the termination of the plaintiff's employment with defendant, both in violation of the FMLA, the plaintiff has suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, and other past and future pecuniary losses.

27. As a direct and proximate result of the acts and practices of the defendant Faurecia, its agents and employees, in the wrongful discharge of the plaintiff from employment, the plaintiff has suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, costs associated with obtaining reemployment, embarrassment, damage to his reputation and other past and future pecuniary losses.

WHEREFORE, the plaintiff demands judgment against the defendant as follows:

1. Declaring that the acts and practices complained of here are in violation of the plaintiff's rights as secured by the Family and Medical Leave Act of 1993.

2. Awarding the plaintiff back pay, front pay, interest, and appropriate recovery for lost employment benefits, and other affirmative relief as may be appropriate under the Family and Medical Leave Act;

3. Awarding the plaintiff liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

4. Awarding the plaintiff compensatory damages under her Claim for Relief for the wrongful discharge of her employment;

5. Awarding the plaintiff her attorney's fees and costs incurred in this action; and

6. Ordering any other relief this court deems to be just and proper.

Dated: April 7, 2017                              Respectfully Submitted,


                                                  **/s/ Charles A. Hardin_____**
                                                  Charles A. Hardin
                                                  Attorney for Plaintiff
                                                  HARDIN & HUGHES, LLP
                                                  2121 14th St.
                                                  Tuscaloosa, AL 35401
                                                  Telephone: (205) 344-6690
                                                  Fax: (205) 344-6188
                                                  Email: chardin@hardinhughes.com

Plaintiff demands a trial by jury.

**/s/ Charles A. Hardin**_____
**Of Counsel**

**Defendant's Address:**

Faurecia Interior Systems, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104